**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **SHAUNNA SCHMIDT, and** ) <br> **TRISTEN PATTERSON, by and through his** ) <br> **Next Friend, SHAUNNA SCHMIDT** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs.  ) <br> ) <br> ) <br> **OFFICEMAX, Incorporated,** ) <br> **OfficeMax North America, Inc., and** ) <br> **ALBERTO PADILLA,** ) <br> ) <br> **Defendants.** ) | **NO. CIV 07-0995 RB/LAM** |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiffs' Motion to Amend Complaint. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, the Court grants Plaintiffs leave to file their amended complaint.

**I.    Background.**

On August 9, 2007, Plaintiffs Shaunna Schmidt and her son, Tristen Patterson, filed this lawsuit in New Mexico state court, asserting claims against Schmidt's former employer, OfficeMax North America, Inc., its parent company OfficeMax, Incorporated, and her former manager, Alberto Padilla. Defendants removed the case to this Court on September 28, 2007.

In their complaint, Plaintiffs have asserted claims under Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act, breach of contract, assault and battery, intentional infliction of emotional distress, and negligence (Doc. 1).

Plaintiffs alleged in the complaint that, among other injuries, Ms. Schmidt sustained a urinary tract infection, which played a part in the premature birth of her son, Tristen. As a result of

information obtained during the discovery process, Plaintiffs now assert that the injury to Ms. Schmidt and causal mechanism of Tristen's premature birth was not necessarily a urinary tract infection, but an infection in the vaginal region.  On May 23, 2008, Plaintiffs' counsel sent a letter informing Defendants' counsel of the more generalized nature of the alleged infection (Doc. 50-2).

On June 27, 2008, Plaintiffs filed their Motion to Amend Complaint (Doc. 50).  This is Plaintiffs' first motion to amend the complaint.  The proposed amendments to the original complaint consist of removing the adjectives "urinary tract" from paragraphs 33, 34, and 37 to reflect the more generalized nature of the alleged infection (Doc. 50-3).

**II.     Discussion.**

A party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court will freely give leave to amend the complaint when justice so requires. Fed.R.Civ.P. 15(a)(2).  If the Court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendments, leave to amend may be denied.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that the amendments are futile because there is a lack of medical evidence to establish the existence of an infection to support a cause of action upon which relief can be granted.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. J.E. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999)). However, assuming Plaintiffs' factual allegations are true–including the causal relationship between the alleged harassment, the alleged infection, and the role of the alleged infection in causing Ms. Schmidt's pre-term labor–they are sufficient to raise a right to relief above the speculative level.

*See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The proposed amendments, therefore, are not futile. The existence and nature of the alleged infection remain questions of material fact to be determined at trial.

Defendants are not prejudiced by the Plaintiffs' proposed amendments to the complaint. The proposed amendments do not alter the cause of action, the nature of the alleged injuries, nor any of the Plaintiffs' legal theories in the case. Indeed, under the liberal pleading standards of Fed.R.Civ.P. 8(e), the Court already interprets Plaintiffs' complaint relative to the alleged urinary tract infection in its more generalized form, essentially making the proposed amendments an exercise in form over substance.

Defendants are at liberty to file the requisite motions for a third day of deposition questioning of Ms. Schmidt and more time to disclose their expert's opinions. Defendants, of course, would have the burden of demonstrating to the Court why the amendments to the complaint, which relate to a technical medical issue–i.e., whether the alleged infection originated within or slightly outside Ms. Schmidt's urethra–create the need to depose Ms. Schmidt for a third time.

The Court, finding no undue delay, bad faith, dilatory motive, undue prejudice to Defendants, futility of the amendments, or other cause to deny Plaintiffs' motion, freely grants Plaintiffs leave to file their amended complaint.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Complaint is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

3